LOIS ZECHIEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Zechiel v. Commissioner
Docket No. 9022-82
United States Tax Court
T.C. Memo 1983-513; 1983 Tax Ct. Memo LEXIS 285; 46 T.C.M. (CCH) 1184; T.C.M. (RIA) 83513; August 22, 1983. *285 Held: There being no genuine issue as to any material fact and petitioner's having presented no valid legal argument to prove error in the notice of deficiency, respondent's motion for summary judgment is granted. Lois Zechiel, for the petitioner. James Gehres, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined deficiences in and additions to petitioner's Federal income tax as follows: Additions to Tax [1]
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1979
$1,139
$119
$57
1980
1,117
109
56
This case is before us on respondent's motion for summary judgment on both the underlying deficiencies *286 and the additions to tax. Petitioner, Lois Zechiel, was a resident of Craig, Colorado, when she filed her petition herein. Petitioner did not file income tax returns for 1979 and 1980. In the notice of deficiency issued to petitioner for 1979 and 1980, respondent determined that petitioner had unreported income in the form of wages received from the Moffat County School District for the years 1979 and 1980, and that petitioner was liable for additions to tax under sections 6651(a) and 6653(a). The petition herein did not deny that petitioner received the wages referred to in the notice of deficiency but sets forth various contentions including the claim that the statutory notice of deficiency was issued with lack of due process. This case was called from the calendar for the trial session of the Court at Denver, Colorado on May 9, 1983. At that time petitioner informed the Court that she was not going to present the Court with any evidence with regard to her income, but instead was only going to make a constitutional argument. Therefore, respondent orally moved for a summary judgment on the grounds that petitioner had not raised any issues as to material facts. Rule *287 121(a) [2] provides that either party may move for a summary adjudication in his favor upon all or any part of the legal issues in controversy. Rule 121(b) provides that * * * a decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. With respect to the underlying deficiencies and the additions to tax asserted herein, petitioner has the burden of proof. Rule 142(a). Petitioner's only claim appears to be that the notice of deficiency violated her right to due process of law, and that wages are not income. [3] These claims raise issues of law only and may be decided by summary judgment. There being no genuine issues as to any material facts raised in the pleadings or at the trial, we will consider respondent's motion for summary judgment. Petitioner presented *288 no evidence as to the underlying deficiencies, upon which she has the burden of proof, nor in support of her claim that the statutory notice of deficiency was issued with lack of due process, nor in support of any of the other assignments of error contained in the petition. She admitted at the trial that she received the wages upon which the notice of deficiency is based. Petitioner's claim that wages are not income and her other legal claims have been rejected by this and other Courts numerous times, see ; , aff. by unpublished order ; , and we reject them here. Likewise, petitioner has presented no evidence to show that she is not liable for the additions to tax for failure to timely filed under section 6651(a) or that the underpayments of tax were not due to negligence or intentional disregard of the rules or regulations under section 6653(a). Petitioner has the burden of proof on these issues and has failed to carry it. Consequently, respondent's motion for *289 summary judgment will be GRANTED. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable years in issue.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner made this latter claim for the first time when the case was called for trial.↩